1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10  TOM PENNY, a citizen of the United         Case No.:        SACV 12-00024-CJC(RNBx)
    Kingdom; and FLIP SKATEBOARDS, INC., a    Judge: CORMAC J. CARNEY
11  California corporation,                    Courtroom:      9B

12               Plaintiffs,                   **STIPULATED PROTECTIVE ORDER**

13        v.

14                                             Complaint Filed:    January 5, 2012
    ABSOLUTE INTERNATIONAL PTY LTD,            First Amended
15  an Australian limited liability company;   Complaint Filed:    February 1, 2012
    ABSOLUTE DISTRIBUTORS, INC., a             Trial Date:         July 23, 2013
16  Delaware corporation, and DOES 1 - 10,

17               Defendants.

18

19

20

21

22  ///

23  ///

24  ///

25

26

27

28

                          **STIPULATED PROTECTIVE ORDER**         Case No.
                                                                  SACV 12-00024
                                                                  CJC (RNBx)

All parties having agreed a protective order ("Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure is both necessary and appropriate, and the U.S. District Court, Central District of California ("Court") having approved such an agreement:

**IT IS HEREBY ORDERED** that Plaintiffs, (defined below) and Defendants, (defined below) are bound by the following Order for the protection of confidential information, documents, and other things produced, served, or otherwise provided in this action by the parties, or by third parties.  This Order shall remain in effect until superseded by order of Court, or until stipulated by the parties.

<b>BACKGROUND</b>

1.      Plaintiffs Tom Penny and Flip Skateboards, Inc. (collectively "Plaintiffs ") and Defendants Absolute International Pty Ltd and Absolute Distributors, Inc. (collectively "Defendants") are involved in the manufacture, branding, and sale of skateboards and related products.

2.      Plaintiffs and Defendants are parties to the above-captioned action (the "Action")

3.      Each party derives commercial advantage from maintaining the confidentiality of certain Confidential (defined below) information.  The parties seek to prevent the use and disclosure of this Confidential information which is produced in connection with this trademark proceeding for any purpose other than as provided in this Order.  Such Confidential information includes, but is not limited to, sensitive internal and non-public financial and sales information, marketing information, and customer information which the parties believe are relevant to the claims and defenses of this action.

4.      The following procedures, terms and conditions shall apply to the disclosure of Designated Material (defined below):

///

///

///

**ORDER**

A.      **Designated Material.**

1.      Information, materials and/or discovery responses may be designated pursuant to this Protective Order by the person or entity producing or lodging it or by any party to this Action (the "Designating Party") if: (a) produced or served, formally or informally, or pursuant to the Federal Rules of Civil Procedure in response to any formal or informal discovery request in this Action; (b) filed or lodged with the Court; and/or  (c) filed or lodged with a magistrate judge, special master and/or discovery master or referee, and/or mediator or other alternative dispute resolution provider.  All such information and material and all information or material derived therefrom constitutes "Designated Material" which includes materials designated "CONFIDENTIAL" and/or "ATTORNEYS AND CONSULTANTS ONLY" under this Order. Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all material designated under this Order shall be used only for purposes of this Action (including any and all appeals) between "Plaintiff" and "Defendant", and shall not be used or disclosed by the party receiving the Designated Material except as provided under the terms of this Order.  (For purposes of this Order, "disclose" or "disclosed" means to show, furnish, discuss, or provide any portion of the Designated Material or its contents, whether orally or in written communication, including the original or a copy, summary or derivative of the Designated Material.)

2.      Subject to the limitations set forth in this Order, Designated Materials may be marked "CONFIDENTIAL" for the purposes of avoiding disclosure of information the Designating Party in good faith believes is confidential, significantly sensitive, which the Designating Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, and/or which is protected by the right to privacy guaranteed by the Federal Constitution, or any applicable State law or Constitution.

///

///

///

3.      Subject to the limitations set forth in this Order, a designation of "ATTORNEYS AND CONSULTANTS ONLY" means information, whether or not embodied in any physical medium, which the Designating Party believes in good faith has significant competitive value and which, if disclosed to the requesting party, would cause competitive harm to the Designating Party.   Such information must not be generally known to third parties or the public and is limited to information the Designating Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence.  Information may also be designated "ATTORNEYS AND CONSULTANTS ONLY" if the Designating Party believes in good faith the information is significantly sensitive and is protected by the right to privacy guaranteed by the laws of the federal Constitution or any applicable State law or Constitution.

4.      Blanket designation of documents or information as "CONFIDENTIAL" or "ATTORNEYS AND CONSULTANTS ONLY," en masse and/or without regard to the specific contents of each document or piece of information, is prohibited.

B.      **Access to Designated Materials.**

1.      Materials designated CONFIDENTIAL may be disclosed only to the following:

(a)      Persons who appear on the face of Designated Materials marked "CONFIDENTIAL" as an author, addressee, or recipient thereof and any Outside Counsel of such author, addressee or recipient that has become counsel of record in the Action or has agreed to the terms of this Order and to be subject to the jurisdiction of the Court in the Action for the purposes of enforcing the rights and obligations contained in, and remedies arising, from this Order.  Any such review of materials designated CONFIDENTIAL pursuant to this Order must be in the presence of and under the supervision of Outside Counsel and all originals and any copies shall remain exclusively in the possession of Outside Counsel.  Further, any written notes, compilations or reviews of materials designated CONFIDENTIAL made by persons failing under this subsection shall remain in the possession of Outside Counsel;

///

///

///

(b)     "Outside Counsel" (which means and is defined as counsel of record, including the partners, associates, agents (including stenographic, videographic and support personnel) and employees of counsel of record, except for agents who have been retained or employed by Outside Counsel as Outside Consultants to assist in the preparation of this Action, whose access is addressed in Section B.1 (c) below) for the parties to this action to the extent reasonably necessary to render professional services in this Action.  Unless otherwise expressly provided through stipulation or order, Outside Counsel shall include only the law firms of The Kinder Law Group, APC on behalf of Plaintiffs and Blanchard, Krasner and French, APC on behalf of Defendants.  Upon the filing of a document associating or substituting counsel as counsel of record for a party in this Action, such counsel shall also qualify as Outside Counsel under this subsection, provided any counsel that has withdrawn as counsel of record for any party confirms in writing to all other counsel of record that it is no longer in possession of any Designated Material with the exception of pleadings, attorney and consultant work product, deposition transcripts and exhibits containing Designated Material, as well as one copy of each item of Designated Material for archival purposes, and provided the new counsel of record stipulates to be bound by the terms and obligations of this Order.

(c)     "Outside Consultants" including non-party experts and consultants retained or employed by Outside Counsel to assist in the preparation of, and/or to provide testimony in the case, to the extent reasonably necessary to render professional services in this Action, subject to the disclosure requirements of section C.

(d)     The parties to this action and their officers and directors on a reasonably necessary basis, provided no Party or any representative thereof may receive any Designated Material without having first executed a certification in the form of Exhibit A hereto ("Party Designee").  In the event any Party Designee ceases to be an officer [or] director of that party, the party shall be responsible for ensuring the Party Designee does not retain any CONFIDENTIAL materials;

(e) Subject to Sections F and H below, Designated Material marked "CONFIDENTIAL" may be shown to witnesses at deposition and/or at trial;

(f)  Vendors with whom Outside Counsel of record for the parties to this Action have contracted for clerical functions, such as copying of documents or preparation of exhibits;

(g)  Mock jurors and jury consultants who have been engaged by the parties and/or the consultants in preparation for trial.  For any jury research, an appropriate screening process must be used to assure the jury consultant(s) and mock jurors chosen for any mock jury presentation are not current or former officers, directors, employees or consultants of any party or any direct competitors of any party.  Each jury consultant and/or mock juror must agree in writing to be bound by this Order by signing and undertaking the form of Exhibit A to this Order; and

(h) Any special master and/or discovery master or referee, and/or mediator or other alternative dispute resolution provider chosen by the parties or the Court, along with necessary legal, paralegal, and secretarial personnel working under the direction of the mediator.

2.      Except as authorized in this Section, materials Designated "ATTORNEYS AND CONSULTANTS ONLY" may not be disclosed to the parties to this Action, to in-house counsel, if any, or to the officers, directors, or employees of the parties hereto.  Materials marked ATTORNEYS AND CONSULTANTS ONLY may only be reviewed by or disclosed to:

(a)      Persons who appear on the face of Designated Materials marked ATTORNEYS AND CONSULTANTS ONLY as an author, addressee, or recipient thereof, and any Outside Counsel of such author, addressee or recipient that has become counsel of record in the Action or has agreed to the terms of this Order and to be subject to the jurisdiction of the Court in the Action for the purposes of enforcing the rights and obligations contained in, and remedies arising, from this Order;

(b)      Outside Counsel for the parties to this Action, as defined in B(1)(b) above;

(c)      Outside Consultants, as defined in B(1)(c) above, to the extent reasonably necessary to render professional services in this Action, subject to the disclosure requirements of Section C;

(d)      Subject to Sections F(3) and H below, Designated Material marked "ATTORNEYS AND CONSULTANTS ONLY" may be shown to witnesses at deposition and/or at trial;

(e)     Vendors with whom Outside Counsel of record for the parties to this Action have contracted for clerical functions, such as copying of documents or preparation of exhibits; and

(f)     Mock jurors and jury consultants who have been engaged by the parties and/or the consultants in preparation for trial.  For any jury research, an appropriate screening process must be used to assure the jury consultant(s) and mock jurors chosen for any mock jury presentation are not current or former officers, directors, employees or consultants of any party or any direct competitors of any party.  Each jury consultant and/or mock juror must agree in writing to be bound by this Order by signing and undertaking the form of Exhibit A to this Order; and any special master and/or discovery master or referee, and/or mediator or other alternative dispute resolution provider chosen by the parties or the Court, along with necessary legal, paralegal, and secretarial personnel working under the direction of the mediator.

3.     Each Outside Consultant to whom any Designated Material may be disclosed pursuant to the provisions in this Order, shall, prior to the time such Designated Material is disclosed to him or her, be provided with a copy of this Order and shall certify under penalty of perjury that he or she has carefully read the Order and fully understands its terms and agrees to be bound thereby.  This certificate shall be in the form attached as Exhibit A hereto.  Outside Counsel who makes any disclosure of Designated Materials shall retain each original executed certificate, promptly provide a copy to counsel who has retained him/her and, upon written request, shall circulate copies to all Outside Counsel at the termination of this Action.

///

///

///

C.       **Access By Outside Consultants.**

1.       If any party wishes to disclose information or materials designated under this Order to any Outside Consultant, it must first identify that individual to Outside Counsel for the Designating Party, who shall have five (5) business days from receipt of such notice to object in writing to such disclosure to any individual so identified.  Such identification shall at least include the full name and professional address and/or affiliation of the individual, his or her prior employment, consultancies and testimony for the previous five (5) years, including identification of the law firm, case number, venue and party on whose behalf the Outside Consultant was retained, a statement that said Outside Consultant is neither an employee or consultant nor anticipated to become an employee or consultant (except that such Outside Consultant may act in the capacity as Outside Consultant, as that defined herein, in litigation) of the party on whose behalf he/she was retained in the future, and all of said person's other present employment or consultancies in the field.

The parties shall attempt to resolve any objections informally, and approval by the Designating Party shall not be unreasonably withheld.  If the objections cannot be resolved, the parties will comply with Local Rule 37-1 prior to filing any motion.  In the event such a motion is made, the parties shall comply with Local Rule 37-2 (including the Joint Stipulation requirement) and the party seeking to prohibit disclosure shall bear the burden of proving the disclosure is inappropriate.  Prior to the resolution of any such objection, an opposing party's Designated Materials shall not be disclosed to person(s) so designated.  Without modifying any obligations under the Federal Rules of Evidence or Federal Rules of Civil Procedure applicable to testifying experts, the parties shall not have any obligation under the terms of this Order to identify which materials are provided to Outside Consultants.  The disclosure of the identity of a proposed Outside Consultant shall not result in said person being subject to deposition or other discovery procedure.  Any depositions or other discovery procedures involving any Outside Consultant shall not take place until that Outside Consultant has been designated as an expert pursuant to the Federal Rules of Evidence, Rule 26 (a)(2).

2.      Nothing contained herein shall require an Outside Consultant to disclose any attorney-client privileged and/or work product doctrine information.

3.      Each Outside Consultant to whom any Designated Material may be disclosed pursuant to the provisions in this Order shall, prior to the time such Designated Material is disclosed to him or her, be provided with a copy of this Order and shall certify under penalty of perjury that he or she has carefully read the Order and fully understands its terms and agrees to be bound thereby.  This certificate shall be in the form attached as Exhibit A hereto.  Outside Counsel who makes any disclosure of Designated Materials shall retain each original executed certificate and, upon written request, shall circulate copies to all Outside Counsel.

4.      In addition to the foregoing, each Outside Consultant to whom any Designated Material will be disclosed shall, prior to disclosure of such material, execute the Certification of Consultant in the form attached as Exhibit B hereto.  Upon receipt of this Certification of Consultant by counsel for the party retaining the Consultant, disclosure of such Designated Material may be made to the Outside Consultant without notification to the Designating Party or any other party to this Action.  Outside Counsel who makes any disclosure of Designated Materials shall retain each original executed Certification of Consultant and, upon written request, shall circulate copies to all Outside Counsel at the termination of this Action.

D.      **Use Of Designated Materials By Designating Party**.

1.      Nothing in this Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information or documents to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

2.      Nothing in this Order shall be deemed to constitute a waiver of the right of a party to object to the production of documents or information based on grounds such as privilege, right of privacy and/or to production of the documentation or information on grounds of relevance or otherwise.

///

E.     **Procedure For Designating Materials.**

Documents, materials and discovery responses, in whole or in part, may be designated as CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY as follows:

1.     When producing Designated Materials, the Designating Party shall designate materials by placing the legend CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY on each page of the materials prior to production.

2.     When a party wishes to designate as CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY materials produced or disclosed by someone other than the Designating Party, such designation shall be made:

(a)     Within fifteen (15) days from the date the Designating Party receives copies of the materials from the producing or disclosing entity; and

(b)     By written notice to all parties to this Action and to the producing or Designating Party, if such party is not a party to this Action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material).  Such notice shall be sent by facsimile and regular mail.

3.     Upon notice of designation pursuant to Section E.2, all persons receiving notice of the requested designation of materials shall:

(a)     Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Order;

(b)     Take reasonable steps to notify any persons known to have possession of or access to such Designated Materials of the effect of such designation under this Order;

(c)     Take reasonable steps to reclaim or prevent access to such Designated Material or information in the possession or control of any person not permitted to have access under the terms of this Order;

///

///

///

(d)     If Designated Material is disclosed to any person other than those entitled to disclosure in the manner authorized by this Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the Designating Party in writing of all pertinent facts relating to such disclosure and shall make every effort to prevent further disclosure by the unauthorized person(s).  Notwithstanding the foregoing, Outside Counsel are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of Designated Material.  Nothing in this Order shall prevent a party from filing a motion with the Court seeking contempt or other such relief for any violation of this Order.

F.      **Procedure For Designating Depositions**.

1.     Deposition transcripts or portions thereof may be designated as CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY by a party during deposition testimony or at the completion of said deposition, on the record, taken in this Action, in which case the portion of the transcript containing the Designated Material shall be identified in the transcript by the Court Reporter as CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY.  The designated testimony shall be bound in a separate volume and marked by the Court Reporter accordingly.

2.     Where testimony is designated at a deposition, or where Designated Materials are disclosed to a witness, the Designating Party shall have the right to exclude, at those portions of the deposition, all persons not authorized by the terms of this Order to receive such Designated Material.  Materials designated ATTORNEYS AND CONSULTANTS ONLY shall not be disclosed to a party during discovery, including depositions, without first obtaining the written consent of the designating party, or, upon Order of Court.

///

///

///

3.      Notwithstanding the provisions set forth in Sections B and C above of this Order, any party may, subject to the provisions of the following paragraph, mark Designated Material as a deposition exhibit and examine any witness thereon, provided the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.  Any person who is shown a deposition exhibit comprised of Designated Material, but who is not otherwise entitled to access to such Material under Sections B and C above, shall not be allowed (except by express permission of the Designating Party) to keep a copy of the deposition exhibit, and shall not be furnished a copy of such deposition exhibit when given the opportunity to review the deposition transcript for accuracy following the deposition.  Any such review shall take place at the offices of the Court Reporter, or of outside counsel.

If either party in good faith objects to the production of Designated Materials marked ATTORNEYS AND CONSULTANTS ONLY to a witness at deposition, they are entitled to file a motion with the Court or magistrate judge concerning such objections prior to the material being shown to said witness.  If the objections cannot be resolved, the parties will comply with Local Rule 37-1 prior to filing any such motion.  In the event such a motion is made, the parties shall comply with Local Rule 37-2 (including the Joint Stipulation requirement) and the objecting party shall bear the burden of proving that showing the Designated Material to the witness is inappropriate.

Before Designated Materials are disclosed to a witness at deposition, the witness shall be advised on the record at the deposition of the existence of the relevant portions of this Protective Order.  No witness is required to be bound by the terms of this Order unless the witness agrees in writing to be bound by this Order by signing and undertaking the form of Exhibit A to this Order.  A witness who declines to be bound by this Order shall not be shown Designated Materials at the deposition.

///

///

///

4.      Any party may, within fifteen (15) days after receiving a deposition transcript, designate portions of the transcript and/or its exhibits as Designated Material.  If any party so designates such material, the Designating Party shall provide written notice via facsimile and regular mail of such designation to all parties within the fifteen (15) day period.  Designated Material within the deposition transcript or the exhibits thereto may be identified in writing or by underlining the relevant portions and marking such portions CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY, consistent with the terms of this Order.  Until the expiration of the fifteen (15) day period, the deposition transcript, including all exhibits thereto, shall be treated as ATTORNEYS AND CONSULTANTS ONLY.  After the expiration of the fifteen (15) day period, all undesignated portion(s) of the deposition transcript and/or exhibits may be disclosed without restriction.  The Designated Material shall be treated according to the appropriate level of protection under this Order.

G.     **Copies**.

All complete or partial copies of Designated Materials shall also be deemed subject to the terms of this Order.

H.     **Court Procedures.**

1.      **Disclosure of Designated Material to Court Officials**.  Subject to the provisions of this section, Designated Material may be disclosed to the Court, Court officials or employees involved in this Action (including court reporters, persons operating video recording equipment at depositions, and any special master and/or discovery master or referee appointed by the Court) and the jury in this Action, and any interpreters interpreting on behalf of any party or deponent.

2.      **Filing Designated Materials with the Court.**  In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Attorneys and Consultants Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

3.     **Failure to File Under Seal**.  If any party fails to file Designated Materials under seal, the Designating Party or any party to this Action may promptly file a motion to be heard on an expedited basis to request the Court place the Designated Materials under seal, all subject to the Court's calendar and availability.

I.     **Objections**.

1.     A party may challenge the propriety of any designation under this Order at any time.  A challenge may be made by serving on all other parties a captioned notice of objection, which shall identify with particularity the Designated Materials as to which the designation is challenged and state the basis for each challenge ("Notice of Objection").  Service of a Notice of Objection shall be made by facsimile and by mail.

2.     On, but not before, the tenth (10) business day after service of a Notice of Objection in full compliance with section I.1, the challenged material shall be deemed de-designated or re-designated unless the Designating Party has served by fax or hand delivery a response to the Notice of Objection setting forth the legal and factual grounds upon which the Designating Party bases its position that the materials should maintain the original designation or for designating the material otherwise.  A motion to change the designation shall be filed only after compliance with Local Rule 37-1.  In the event such a motion is made, the parties shall comply with Local Rule 37-2 (including the Joint Stipulation requirement).  In the event of a motion to change the designation, the material at issue may be submitted to the Court for *in camera* inspection prior to the first hearing or conference on the subject.  It shall be the burden of the Designating Party under such circumstances to establish that the information so designated is properly designated CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY within the meaning of this Order.  Upon the timely filing of such a motion, the original designation shall remain effective until ten (10) court days after service of notice of entry of an order re-designating the materials and during the pendency of any writ petition filed within the ten (10) court day period.  The Designating Party may also file a brief on the matter in addition to the original response to the Notice of Objection.

3.     The parties shall meet and confer in good faith prior to the filing of any motion under this section.

J.     **Client Communication**.

Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material.  In rendering such advice and otherwise communicating with the client, counsel shall comply with the terms of this Order.

K.     **No Prejudice.**

1.     This Order shall not diminish any existing obligation or right with respect to Designated Materials, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

2.     If any person required to produce documents inadvertently produces any Designated Material without marking it with the appropriate legend, the producing party may give written notice to the receiving party or parties, including appropriately stamped copies of the Designated Material, that the document, thing, or response is deemed Designated Material and should be treated as such in accordance with the provisions of this Order.

3.  If any party receives information, materials and/or discovery responses, which it reasonably believes was inadvertently produced without legend, it shall promptly advise the producing party by facsimile and U.S. Mail.  The producing party shall have fifteen (15) calendar days in which to legend said information, materials and/or discovery responses.  During this fifteen (15) day period, counsel for the receiving party shall treat said information, materials and/or discovery responses as if designated ATTORNEYS AND CONSULTANTS ONLY.

4.     The restrictions as to use or dissemination of information or materials, set forth in any of the preceding paragraphs, shall not apply as to:

(a)     Any information which at the time of the designation under this Protective Order is available to the public;

1            (b)      Any information which after designation under this Order becomes

2    available to the public through no act, or failure to act, attributable to the receiving party or its

3    counsel;

4            (c)      Any information which the receiving party, its counsel, or any recipient of

5    designated material under this Order can show as a matter of written record was already known to

6    the receiving party through means other than any violation of law.

7            5.      Inadvertent production of materials without the appropriate designation shall not,

8    by itself, be deemed a waiver in whole or in part of the producing party's claim of confidentiality

9    or secrecy, either to the specific information disclosed or as to any other information relating

10   thereto or on the same or related subject matter.  However, failure to take prompt or appropriate

11   action to rectify any inadvertent production within a reasonable time after materials are produced

12   without designation may, in appropriate circumstances, result in a loss of confidentiality or

13   secrecy.

14           6.      **Privileged Materials**.  Nothing in this Order prevents a party from asserting the

15   inadvertent production of any document or thing shall be without prejudice to a claim that such

16   material is protected by the attorney-client privilege and/or protected by the attorney work product

17   doctrine or otherwise immune from discovery.  Nothing in this Order shall preclude a party from

18   challenging the propriety of the claim of privilege in accordance with applicable law.

19   L.     **Modification and Survival**.

20           1.      **Modification; Addition of Parties to This Stipulation.**

21           (a)      All parties reserve the right to seek modification of this Order at any time

22   for good cause.  The parties agree to meet and confer prior to seeking to modify this Order for any

23   reason.  The restrictions imposed by this Order may only be modified or terminated by written

24   stipulation of all parties or by order of Court.  No modification of the Order pursuant to a

25   stipulation of the parties shall have the force or effect of a Court order unless the Court approves

26   the modification.

27   ///

28   ///

(b)     Parties to this Action who are not listed herein or who become parties to this Action after the latest date of execution may become parties to this Order, and thereby be bound by all the terms and conditions stated herein, by executing a written agreement thereto, to be signed by all Outside Counsel for the parties, and which designates Outside Counsel for the additional party.

2.     **Survival and Return of Designated Material**.  This Order shall survive termination of this Action.  Upon final termination of this Action, including appeals and retrials, and at the written request of the Designating Party, all Designated Material, including deposition testimony regarding designated exhibits and all copies thereof, shall be returned to Outside Counsel for the Designating Party or, if such party is not represented by counsel, directly to the Designating Party.  Such Designated Materials shall either be returned at the expense of the Designating Party or, at the option and expense of the requesting party, destroyed.  Upon request for the return or destruction of Designated Materials, Outside Counsel shall certify their compliance with this provision and shall deliver such certification to Outside Counsel for the Designating Party not more than thirty (30) days after the written request to return or destroy Designated Materials.

Notwithstanding the provisions for return or destruction of Designated Material, Outside Counsel may retain pleadings, attorney and consultant work product, deposition transcripts and exhibits containing Designated Material, as well as one copy of each item of Designated Material for archival purposes.

///

///

///

M.     Designated Material shall not be disclosed to any third party, including any private party or federal or state government agency, for any purpose, other than pursuant of a valid subpoena.  If a subpoena for Designated Material is served upon the discovering party—i.e. the party in this action which received the Designated Material—in possession of such documents, the party shall forthwith inform counsel for the producing party of the service of the subpoena, in sufficient time to permit counsel for the producing party to object or otherwise respond to the subpoena as appropriate.  Nothing contained in this Order should be construed as authorizing or encouraging a party in this action to disobey a lawful subpoena issued in another action.  If a third party is required, by subpoena or court order in this Action, to provide documents or information it considers CONFIDENTIAL INFORMATION or ATTORNEYS AND CONSULTANTS ONLY, the third party may request to receive the protections provided by this Order, either by giving notice to all parties in writing of its intent to seek such protection or by designating and marking documents and information it produces in a manner required by this Order.  Designated third-party documents and information shall be given the same protection under this Order as documents and information produced by the parties.

N.     **Court's Retention of Jurisdiction**.

       The Court retains jurisdiction to make such amendments, modifications, and additions to this Protective Order as it may from time to time deem appropriate.

///

///

///

O.        **Authorization and Execution.**

        This Protective Order is executed by the parties, and by their counsels of record, who also sign on behalf of themselves and their respective law firms.  Each attorney executing this Protective Order on behalf of any party represents that the attorney has fully disclosed to the party the terms of this Protective Order and is duly authorized by that attorney's client to execute this Protective Order.

Dated: April 11, 2013                    BLANCHARD, KRASNER & FRENCH, APC


                          By:        s/ A. Kipp Williams, Esq
                                A. Kipp Williams, Esq.
                                Attorneys for Defendants and Counter-
                                Claimant


Dated: April 11, 2013                    THE KINDER LAW GROUP


                          By:        s/Brian P. Kinder, Esq.
                                Brian P. Kinder, Esq.
                                Attorneys for Plaintiffs and Counter-Defendant


                          **ORDER**

        Pursuant to the foregoing stipulation, IT IS SO ORDERED.


Dated:  May 02, 2013          By: _____
                                       Hon. Robert N. Block

1

**<u>EXHIBIT A</u>**

2

3

**CERTIFICATION RE: MATERIAL COVERED BY PROTECTIVE ORDER**

4

5      I, the undersigned, hereby certify that I have read the Protective Order entered in the

6  [Superior Court of the State of California for the County of _____/ United States District Court,

7  _____District of _____] in the case entitled [*], Case No. [*]

8      I understand the terms of the Protective Order.  I agree to be bound by such terms and to

9  submit to the personal jurisdiction of the [Superior Court of the State of California for the County

10  of _____/ United States District Court, _____District of _____] with respect to any proceeding

11  related to the enforcement of this Protective Order, including any proceedings related to contempt

12  of Court.  I will not disclose Designated Materials to anyone other than persons specially

13  authorized by the Protective Order, and I agree to return all such materials that come into my

14  possession to counsel from whom I received such materials.

15      I declare under penalty of perjury that the foregoing is true and correct.

16

17      Name of Individual:

18      Company or Firm:

19      Address:

20      Telephone No.:

21      Relationship to this Action and parties:

22      Date

23      Signature

24

25

26

27

28

---

Case No.
SACV 12-00024
CJC (RNBx)

**EXHIBIT A**
**STIPULATED PROTECTIVE ORDER**

**<u>EXHIBIT B</u>**

**CERTIFICATION OF CONSULTANT**

I, the undersigned, hereby certify that I have read the Protective Order entered in the [Superior Court of the State of California for the County of _____/ United States District Court, ____District of _____], in the case entitled [*], Case No. [*].

I certify that I am not employed by or affiliated with a competitor of any person or entity currently a party (as of the time of the execution of this Certification) to this Action.  If at any time after I execute this Consultant Certification and during the pendency of this Action I become engaged in business as a competitor of any person or entity currently a party to this Action, I will promptly inform the counsel for the party who retained me in this Action, and I will not thereafter review any Designated Materials unless and until the Court in this Action orders otherwise.

I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual:

Company or Firm:

Address:

Telephone No.:

Date:

Signature:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SIGNATURE CERTIFICATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the consent of the document Stipulated Protective Order, electronically filed through the court's CM/ECF system on April 11, 2013, is acceptable to Brian P. Kinder, counsel for Plaintiffs, and I have obtained Mr. Kinder's authorization to affix his electronic signature to this document.

Dated: April 11, 2013                    BLANCHARD, KRASNER & FRENCH, APC


                                         By:   _____s/ A. Kipp Williams, Esq_____
                                               A. Kipp Williams, Esq.
                                               Attorneys for Defendants and Counter-
                                               Claimant